RESOLUCIÓN
A la Petición de mandamus presentada por el Estado Libre Asociado de Puerto Rico, por conducto de su Secretario de Justicia, el Hon. Roberto J. Sánchez Ramos, se provee “no ha lugar” por ser improcedente en derecho.
El 1 de diciembre de 2006 el Panel del Fiscal Especial Independiente (Panel) emitió una resolución declarándose sin jurisdicción para atender el asunto de la investigación en tomo al Dr. Pedro J. Rosselló González, ex Gobernador del Estado Libre Asociado de Puerto Rico. Luego de examinado el informe remitido por el Secretario de Justicia y la evidencia que le acompañó, el Panel concluyó que carecía de jurisdicción para atender dicho asunto, pues el término de cuatro años exigido por la Ley sobre el Fiscal Especial Independiente,(1) en lo referente a un ex funcionario público, transcurrió sin que el Secretario de Justicia actuara, contándose dicho término desde el momento en que el doctor Rosselló González cesó en sus funciones de Gobernador.
Inconforme, el Estado Libre Asociado de Puerto Rico —a través de su Secretario de Justicia— acude ante nos mediante esta Petición de Mandamus, solicitándonos que le ordenemos al Panel cumplir con su “deber ministerial” de asumir jurisdicción en el asunto de referencia y, por consiguiente, que proceda a resolverlo en sus méritos. Sostiene que la falta de jurisdicción decretada responde a una interpretación errónea del Art. 4 de la Ley Núm. 2 de 23 de febrero de 1988 (3 L.P.R.A. sec. 99k), la cual delimita la jurisdicción del Panel. Entiende que respecto a los funcionarios incumbentes la ley concede al Panel jurisdicción plena e ilimitada, independientemente de si los delitos imputados se cometieron durante el ejercicio de un cargo an *675 terior y del transcurso del término de cuatro años dispuesto en la ley. Aduce, además, que a pesar de que los delitos imputados al doctor Rosselló González se cometieron siendo éste Gobernador, el Panel tiene jurisdicción plena y exclusiva sobre el asunto por tratarse de un funcionario incumbente como miembro de la Asamblea Legislativa.
r—H
Luego de analizado el recurso de mandamus presentado, entendemos que procede declararlo “no ha lugar”, pues no se cumplen con los criterios exigidos en nuestro ordenamiento jurídico para su expedición.
Sabido es que el recurso de mandamus es un recurso extraordinario que procede, en lo pertinente, únicamente cuando se carece de otro remedio legal adecuado y eficaz en el curso ordinario de la ley. 32 L.P.R.A. see. 3423. En este caso, el Estado Libre Asociado tiene a su haber otro remedio adecuado en ley para dirimir la controversia planteada.
En Ortiz v. Panel F.E.I., 155 D.P.R. 219 (2001), este Tribunal resolvió que el Panel es una agencia, según definida por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, y que, como tal, le aplican las disposiciones de dicho estatuto. Ello implica que el Estado Libre Asociado tiene a su disposición el recurso de revisión judicial, ante el Tribunal de Apelaciones, para dirimir la controversia de derecho esbozada en el recurso, según este remedio se encuentra regulado en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico. No hay duda de que se trata de una resolución final(2) emitida por una agencia admi *676 nistrativa, que es revisable ante el Tribunal de Apelaciones conforme lo regula la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.(3)
Al existir otro remedio en ley, resulta inescapable la conclusión de que carecemos de jurisdicción para atender la petición de “ mandamus” presentada, y cualquier expresión nuestra respecto a la controversia en sus méritos constituiría una “opinión consultiva”.
Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton emitió un voto de conformidad. El Juez Asociado Señor Fuster Berlingeri emitió un voto disidente. La Juez Asociada Señora Rodríguez Rodríguez se inhibió.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

Voto de conformidad emitido por el
Juez Presidente Señor Hernández Denton.
Estamos conformes con la determinación de la mayoría de denegar el auto de mandamus solicitado por el Secretario de Justicia, ya que es improcedente en derecho. No obs *677 tante, consideramos preciso expresarnos de forma particular para hacer constar claramente nuestra posición al respecto.
I—I
Mediante el recurso de epígrafe se nos solicita la revisión de una determinación del Panel del Fiscal Especial Independiente (Panel del F.E.I.), en la que se declaró sin jurisdicción para aceptar un referido del Secretario de Justicia con el fin de que se investigue determinada conducta del senador Pedro Rosselló González mientras ejercía el cargo de Gobernador. El fundamento del Secretario de Justicia para solicitar el auto de mandamus descansa en la premisa de que el Panel del F.E.I. se negó a aceptar el referido y a ejercer su jurisdicción aun cuando tenía el deber ministerial de hacerlo.
Después de presentado el recurso de autos, y mientras se diligenciaban los emplazamientos correspondientes, el Secretario de Justicia presentó un recurso de revisión ante el Tribunal de Apelaciones, donde reprodujo prácticamente los mismos señalamientos que trajo ante nuestra atención. Poco después, presentó ante nos un recurso de certificación intrajurisdiccional para solicitar la elevación del caso que pende ante dicho foro.
I—I H-4
AI evaluar el recurso de autos, partimos de la premisa que el auto de mandamus está disponible para ordenar a una persona o unas personas naturales, a una corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil de 1933 (32 L.P.R.A. see. 3421). Este recurso, por mandato expreso de ley, es altamente privilegiado y su expedición es *678 discrecional. Aunque este Tribunal está facultado para ex-pedirlo como parte de su jurisdicción original, de ordinario lo hacemos con prudencia y en circunstancias meritorias. Véanse: Art. V, Sec. 5, Const. E.L.A., L.P.R.A., Tomo 1; Art. 3.002(a) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (4 L.P.R.A. sec. 24s(a)); Art. 650 del Código de Enjuiciamiento Civil de 1933 (32 L.P.R.A. see. 3422).
La procedencia del mandamus depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso. D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Ed. U.I.A., 1996, pág. 107. Solamente debe expedirse cuando la persona a quien va dirigido esté “obligada al cumplimiento de un acto que la ley particularmente ordene como un deber resultante de un empleo, cargo o función pública ...”. 32 L.P.R.A. see. 3422. Es decir, sólo procede para ordenar el cumplimiento de un deber ministerial, que no admite discreción en su ejercicio, cuando no hay otro mecanismo en ley para conseguir dicho remedio. Báez Galib y otros v. C.E.E. II, 152 D.P.R. 382 (2000).
De la normativa esbozada surge con claridad que la procedencia del recurso de mandamus precisa, como cuestión de umbral, que exista un deber ministerial de realizar determinada función. Asimismo, se requiere que la persona o entidad obligada a ejecutarla se niegue a hacerlo. Por lo tanto, cuando la conducta que se pretende compeler admite algún grado de discreción en su ejercicio, o ya ha sido ejecutada, el mandamus es totalmente improcedente en derecho.
Por otro lado, las disposiciones aludidas establecen que la procedencia del mandamus depende de que se demuestre la inexistencia de otro mecanismo en ley para obtener el remedio solicitado. Por consiguiente, cuando la parte interesada tiene alternativas adecuadas para procurar tal remedio, procede denegar el recurso. Evidentemente, esta *679 normativa responde a la naturaleza privilegiada del auto mencionado.
Ill
Tomando en cuenta el análisis presentado, examinemos primero si existe en este caso un incumplimiento de un deber ministerial. La conducta del Panel del F.E.I. que no admitía discreción en su ejercicio era acoger inicialmente el referido del Secretario y evaluar su facultad para atenderlo. El Panel del F.E.I. evaluó dicho referido y, mediante una votación dividida, determinó que no tenía jurisdicción. Por lo tanto, independientemente de la corrección de tal dictamen, no cabe duda que el Panel del F.E.I. cumplió con lo que constituía su obligación legal. Así, pues, no estamos ante una negativa del Panel del F.E.I. de aceptar el referido del Secretario, sino ante un dictamen de la entidad para declararse sin jurisdicción. En consecuencia, en estas circunstancias no existe un deber ministerial que haya sido incumplido y que debamos obligar a ejecutar.
La sola ausencia del requisito mencionado convierte en improcedente la solicitud de epígrafe. No obstante, de todas maneras examinaremos el segundo criterio para con-ceder un auto de mandamus. Éste se fundamenta en la demostración de la inexistencia de otro mecanismo en ley para obtener el remedio solicitado.
En este caso, dado que el Panel del F.E.I. constituye una agencia administrativa, sus determinaciones pueden ser revisadas ante el Tribunal de Apelaciones. Ortiz v. Panel F.E.I., 155 D.P.R. 219 (2001); See. 4.2 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. see. 2172. De hecho, en aceptación de esta realidad, el Secretario de Justicia ya recurrió ante el Tribunal de Apelaciones procurando la revisión del dictamen administrativo. Incluso, ya en ocasio *680 nes anteriores el Secretario de Justicia ha acudido en revisión de las determinaciones del Panel del F.E.I. ante el Tribunal de Apelaciones. Así ocurrió, por ejemplo, en el caso In re Invest. ex Alcalde Vega Alta, 158 D.P.R. 666 (2003). No cabe duda, por lo tanto, que el Secretario de Justicia tiene a su haber otro mecanismo para obtener lo que solicita en el recurso de autos y, por lo tanto, no se justifica la intervención de este Tribunal mediante el recurso extraordinario del mandamus.
Más aún, entendemos que el Secretario de Justicia tiene a su disposición una alternativa adicional después de la determinación del Panel del F.E.I. de declararse sin jurisdicción. Nos referimos a la facultad de presentar las acusaciones que estime pertinentes ante el Tribunal de Primera Instancia. Siendo así, somos del criterio que el asunto que se trae ante nuestra consideración mediante la solicitud de un recurso excepcional puede ser atendido por otras vías ordinarias y adecuadas. En vista de ello, entendemos que en estas circunstancias estamos impedidos de acceder a la solicitud del Secretario de Justicia de revisar mediante un mandamus la determinación del Panel del F.E.I. de declararse sin jurisdicción. Avalar otra posición implicaría trastocar el derecho aplicable y abrir las puertas a un uso inapropiado y desmesurado de un recurso de esta naturaleza.
Finalmente, interesamos señalar que nuestro dictamen no significa que emitimos juicio alguno sobre los méritos de la investigación remitida al Panel del F.E.I. por el Secretario de Justicia, ni sobre la corrección de la decisión del Panel del F.E.I. de declararse sin jurisdicción. Por el contrario, nuestra determinación se limita a la procedencia del recurso solicitado en esta etapa de los procedimientos.
En fin, por entender que el recurso solicitado es improcedente en derecho,coincidimos con la decisión de la mayoría de denegarlo.

 Art. 4 de la Ley Núm. 2 de 23 de febrero de 1988 (3 L.P.R.A. sec. 99k).

 La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico define el término orden o resolución como “cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas”. 3 L.P.R.A. see. 2Í02(f). La orden o resolución de una agencia será final si pone fin a todas las controversias dilucidadas ante la agencia, cuyo *676 efecto es sustancial sobre las partes. A.R.Pe. v. Coordinadora, 165 D.P.R. 850 (2005). En este caso, la resolución del Panel del Fiscal Especial Independiente (Panel) es final debido a que ésta puso fin a la controversia traída ante dicha agencia, entiéndase, si procedía la designación de un Fiscal Especial Independiente en el asunto referido. De igual forma, la resolución emitida cumple con los criterios de forma establecidos en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, pues expone determinaciones de hecho, conclusiones de derecho, se encuentra firmada por los funcionarios autorizados en ley y, al no dejar asunto pendiente de resolver, el recurso de revisión judicial se encuentra disponible para revisarla. 3 L.P.R.A. see. 2164; A.R.Pe. v. Coordinadora, ante.

 De hecho, el Estado presentó ayer, 4 de diciembre de 2006, un recurso de revisión judicial ante el Tribunal de Apelaciones mediante el cual solicita la revisión de la decisión emitida por el Panel en controversia en este caso.